[Civ. No. 12061.   First Dist., Div. Two.   July 15, 1942.]

L. NEWMAN, Respondent, v. SUNSET-McKEE SALES-BOOK CO. (a Corporation), Appellant.

Clark & Heafey for Appellant.

Edward J. Silver and Louis B. DeAvila for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for the alleged failure of defendant to perform a contract for the purchase of machines equipped with a continuous form sales tag, adaptable for use on the sales counter, and known to the trade as "registers." The plaintiff had judgment for the full sum prayed for and defendant's appeal attacks the findings as not supported by substantial evidence.

On August 19, 1936, defendant delivered to plaintiff its written order to manufacture two hundred model "A" registers at $10 each, and two hundred model "C" registers, at $11 each. Plaintiff proceeded to manufacture the required number, delivery was made from time to time, payments were promptly made, and on July 22, 1937, the last of the four hundred registers were delivered and defendant was billed for the balance due under the contract. This sum was paid in full, together with miscellaneous charges for dies and other outlays, and nothing further was done under the contract until September, 1939, when plaintiff notified defendant that he was ready to complete the order. This notice was based upon a modification of the order, or contract, of August 19, 1936, whereby a figure "1" was inserted before the figure "2" so that, as to both models the order was changed to read "1200" instead of "200." The litigation rests upon this modification and the reasons for it.

The complaint alleged that "on August 19, 1936, . . . defendant . . . delivered to plaintiff its written order to manufacture 1200 model 'A' registers. . . ." The plaintiff was forced to admit that the allegation was untrue. The trial court found, in accordance with the only credible evidence, that the order pleaded was for two hundred registers of each model. It also found, upon undisputed evidence, that "sev-

eral months thereafter'' the order was changed to call for twelve hundred of each model. It was also found that the four hundred registers were duly manufactured, delivered, and paid for, and that defendant also paid the additional charges for extra dies and material as billed by the plaintiff. Defendant's explanation of the modification of the figures in the contract is that it was done by mutual agreement of the parties to enable plaintiff to exhibit the contract to an eastern manufacturer and thus enable him to establish his credit and build up his trade with that concern. Plaintiff does not directly deny this, but testified that he found that additional dies would be needed and the contract was increased to cover that expenditure. He does not deny, however, that after the modification he billed defendant for his expenditures for extra dies and that these were fully paid for. The plaintiff also testified that throughout his operations under the contract he carried the account upon his books under the heading ''Sunset-McKee Sales Job 2169—400 Registers.''

There is one question of law which calls for discussion and, since that requires a reversal of the judgment, it would serve no purpose to consider other points raised by appellant. The appellant contends that all the evidence supports the defense that the contract was abandoned by mutual consent, and that the trial court erred in failing to find upon this special defense. We are satisfied that the undisputed evidence of the conduct of the parties at the inception of the contract, at the time of its modification some months later, and during all the period of manufacture and sale of the original number of registers, together with the entries in respondent's books of account, all compel a finding that either the parties at no time intended that the contract should call for the manufacture of more than four hundred registers, or that, if such intention had been expressed at any time, it was abandoned by mutual consent. This evidence of the conduct of the parties together with the evidence that respondent for a period of two years, made no effort to manufacture, deliver, or tender any portion of the goods in excess of the original number ordered also compel a finding that respondent did not suffer the damages awarded in the judgment, but that, if any damage resulted from the modification of the contract, or from appellant's failure to comply

with such modification, such damage was invited by respondent and hence not subject to recovery.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.